IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-40889
Summary Calendar
_____


JAMES JIMERSON, as next of friend and in behalf of Larry
Jimerson; LARRY JIMERSON,

                                        Plaintiffs-Appellees,

versus

JOHNNY RAY EDWARDS,

                                        Defendants,

JOHNNY RAY EDWARDS; KEN CANADAY,

                                        Defendants-Appellants.

- - - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:96-CV-708
- - - - - - - - - - -
February 19, 1998
Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

     Police officers Johnny Edwards and Ken Canaday appeal from

the district court's denial of their motion for summary judgment

in a civil rights suit pursuant to 42 U.S.C. § 1983 filed by

Larry Jimerson and his brother James Jimerson.  On appeal,

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

officers Edwards and Canaday argue that the trial court erred in not granting them summary judgment because their conduct was objectively reasonable because of the threat of harm from Larry Jimerez.

District court orders denying summary judgment on the basis of qualified immunity are immediately appealable under the collateral order doctrine, notwithstanding their interlocutory character, when based on a conclusion of law. See Mitchell v. Forsyth, 472 U.S. 511, 530 (1985). Such orders are not immediately appealable if the district court finds genuine issues of material fact. See Johnson v. Jones, 115 S. Ct. 2151, 2156 (1995); Tamez v. City of San Marcos, 62 F.3d 123, 124-25 (5th Cir. 1995). Because there are genuine issues of material fact with respect to the qualified immunity issue, we lack appellate jurisdiction. Behrens v. Pelletier, 116 S. Ct. 834, 842 (1996).

Appeal DISMISSED for lack of jurisdiction.